## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**TONY SUMMERS,**

      **Petitioner,**

                                    **Case No. 2:16-cv-00063**

      **v.**                                  **JUDGE MICHAEL H. WATSON**

                                                    **Magistrate Judge King**

**WARDEN, ALLEN**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1)*,* Respondent's *Motion to Dismiss* (ECF No. 14), Petitioner's response to Respondent's motion*, Petitioner's Reply* (ECF No. 18), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED.** It is **FURTHER RECOMMENDED** that Petitioner's *Motion to Vacate Sentence and Release Petitioner* (ECF Nos. 8, 9), and *Motion to Grant Writ of Habeas Corpus and Release Petitioner* (ECF No. 10) be **DENIED**. Petitioner's *Motion to Deny Respondent's Motion for Extension of Time* (ECF No. 12) is **DENIED**.

### Facts and Procedural History

This case involves Petitioner's September 28, 2009 convictions, based on his guilty plea in the Franklin County Court of Common Pleas, on charges of rape and gross sexual imposition. The trial court imposed an aggregate term of thirteen years' incarceration pursuant to the joint recommendation of the parties. (ECF No. 14-1, PageID# 96-97.) Petitioner did not file a timely

appeal from that judgment. On December 16, 2009, Petitioner filed a document captioned *Motion for Appointment of Counsel* and *Affidavit of Indigency* in the state appellate court. (ECF No. 14-1, PageID# 98-100.) On December 18, 2009, Petitioner moved to withdraw his guilty plea in the state trial court, arguing that he had been incompetent at the time of sentencing and did not knowingly, intelligently and voluntarily enter his guilty plea. (ECF No. 14-1, PageID# 101-102.) On January 14, 2010, the trial court denied that motion. (ECF No. 14-1, PageID# 115.) Petitioner apparently did not file an appeal from that decision. Approximately two years later, on January 19, 2012, Petitioner filed a *Motion to Modify Sentence* with the state trial court. (ECF No. 14-1, PageID# 117.) The record does not indicate that the trial court has ever issued a ruling on that motion. On August 19, 2015, Petitioner filed a *Motion to Correct or Vacate Sentence* in the trial court. (ECF No. 14-1, PageID# 123.) On September 1, 2015, the trial court denied that motion. (ECF No. 14-1, PageID# 133.) Petitioner apparently did not file an appeal from that decision.

Petitioner apparently executed the *Petition* on January 4, 2016, *Petition* (ECF No. 1, PageID# 15), and filed this action for a writ of habeas corpus on January 11, 2016,[1] alleging the following:

> Violations of Article 1 Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
>
> I have been denied Equal Protection and Due Process of Law to a deprivation of significant liberty interest. The trial court committed prejudicial error and abuse of discretion when it imposed consecutive sentences, to an allied offen[s]e. Plaintiff had entered a plea agreement via an Alf[o]rd Plea. The Court should have followed Ohio Statutory law during the sentencing phase by imposing the sentences concurrent, and not consecutive.

---

[1] On January 22, 2016, the case was transferred to this Court from the United States District Court for the Northern District of Ohio. *Order of Transfer* (ECF No. 3.)

2

Respondent contends that this action must be dismissed as time-barred, unexhausted, procedurally defaulted and, alternatively, without merit.

### Motion to Vacate Sentence and Release Petitioner

Petitioner has filed a number of motions in this action: *Motion to Vacate Sentence and Release Petitioner* (ECF Nos. 8, 9),[2] and a *Motion to Grant Writ of Habeas Corpus and Release Petitioner.* (ECF No. 10.) Respondent has filed a *Response in Opposition* and *Reply.* (ECF Nos. 11, 13.)

In these motions, Petitioner asks that the *Petition* be granted and that he be released from confinement because this case was transferred to this Court from the United States District Court for the Northern District of Ohio to this Court without requiring the Respondent to respond to the *Petition*. Petitioner also asks that the *Petition* be granted or that judgment by default be entered because Respondent was granted an extension of time for responding to the *Petition* without demonstrating good cause.

As noted *supra*, the *Petition* was filed in the Northern District of Ohio. *Petition* (ECF No. 1.) On January 22, 2016, the action was transferred to this Court pursuant to 28 U.S.C. § 2241(d). That statute conferred on the District Court for the Northern District of Ohio the discretion to transfer the action to this Court, prior to requiring a response from the Respondent, because Petitioner was convicted by a state court in this judicial district and because this district "is the more convenient forum and the evidence is more readily accessible" in this district. *Order of Transfer* (ECF No. 3, PageID# 20-21.) These circumstances are not unusual, and the transfer of this action to this district does not constitute grounds for granting the *Petition*.

---

[2] Petitioner apparently filed the same motion in the Northern District of Ohio, which filing has been transferred to this Court. (*See* ECF No. 9, PageID# 39.)

On August 22, 2016, the assigned Magistrate Judge ordered the Respondent to answer the *Petition* within twenty-one days. *Order* (ECF No. 5.) On September 8, 2016, Respondent requested an extension of time - until November 14, 2016 - to respond in order to obtain and review the necessary state court documents. *First Motion for Extension of Time* (ECF No. 6, PageID# 28.) The Court granted that motion. *Order* (ECF No. 7.) On November 14, 2016, Respondent filed a timely response to the *Petition. Motion to Dismiss.* (ECF No. 14.) Petitioner thereafter sought and was granted an extension of time – until December 26, 2016 - to respond to the *Motion to Dismiss. Motion for Extension of Time* (ECF No. 15); *Order* (ECF No. 17.) Petitioner's response was timely filed on December 22, 2016. *Petitioner's Reply* (ECF No. 18.)

Nothing in this procedural history constitutes grounds for granting the *Petition* or for entering a judgment by default. Moreover, Respondent's *Motion to Dismiss* raises serious issues as to the timeliness of the action, exhaustion and procedural default. In any event, a judgment by default "is an extreme sanction that is disfavored in habeas corpus cases." *Lemmons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1985).

For all these reasons, then, the Court concludes that Petitioner's *Motion to Vacate Sentence and Release Petitioner* (ECF Nos. 8, 9) and *Motion to Grant Writ of Habeas Corpus and Release Petitioner* (ECF No. 10) are without merit.

Petitioner's *Motion to Deny Respondent's Motion for Extension of Time* (ECF No. 12) is **DENIED**, as moot.

### Statute of Limitations

Respondent contends, *inter alia*, that this action was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the provisions of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on October 29, 2009, *i.e.,* thirty days after the trial court's September 29, 2009 judgment was entered, *Judgment Entry* (PageID# 96-97), when the time for filing an appeal expired. *See Williams v. Jenkins*, No. 2:16-cv-00666, 2016 WL 3745765, at *3 (S.D. Ohio July 13, 2016)(citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)). By this calculation, the statute of limitations expired one year later – on October 29, 2010 – and the *Petition*, which was executed on January 4, 2016 and was filed on January 11, 2016, is untimely.

Even assuming that the statute of limitations did not begin to run until February 13, 2010, *i.e.,* thirty days after the trial court's January 14, 2010 denial of his motion to withdraw his guilty plea, *Decision and Entry Denying Defendant's Motion to Withdraw Guilty Plea* (ECF No. 14-1, PageID# 115-16), the statute of limitations expired one year later, on February 13, 2011. Yet, as noted, Petitioner waited almost five (5) years, until January 4, 2016, to execute the habeas corpus petition. Petitioner's later filings in the state court, *i.e.*, *Motion to Modify Sentence* (ECF No. 14-1, PageID# 117-22), and *Motion to Correct or Vacate Sentence* (ECF No. 14-1, PageID# 123-28), did not toll or otherwise affect the running of the statute of limitations, because Petitioner filed those motions after the statute of limitations had already expired. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not. . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Thus, by any calculation, this action was not timely filed.

It is true that the one-year limitations period is not jurisdictional and may be subject to equitable tolling, although that relief is granted only sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011). A petitioner who invokes equitable tolling must establish (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing the action in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into

allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving his legal rights, however, courts are much less forgiving. *Id.*; *Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003).

Petitioner maintains that equitable tolling of the statute of limitations is appropriate in this case because he suffers from dementia and because he required help from other prison inmates to assist him. He argues that he was denied the effective assistance of counsel at the time of his guilty plea, was coerced into entering the guilty plea, and was not competent at the time of his guilty plea. He also complains that his attorney failed to advise him of his right to an appeal. *Response to Motion to Dismiss* (ECF No. 18.) This Court is not persuaded that equitable tolling of the statute of limitations is warranted in this action.

A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification for the equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). *See also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for the equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 Fed.Appx. 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204-05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998)).

Further, the equitable tolling of the statute of limitations on the basis of mental incompetence requires "a threshold showing of incompetence" and a demonstration that "the alleged incompetence affected [the petitioner's] ability to file a timely habeas petition." *McSwain v. Davis*, 287 Fed.Appx. 450, 456 (6th Cir. 2008)(citations omitted).  Petitioner has failed to meet this standard here.  Petitioner offers no support for his allegation that his mental incompetence or dementia prevented him from timely filing.  *See, e.g., Kitchen v. Bauman*, 629 Fed.Appx. 743, 747-48 (6th Cir. 2015)("[A] causal link between the mental condition and untimely filing is required.")(quoting *Ata,* F.3d at 742).  To the contrary, on May 4, 2009, the trial court found, after a hearing and after considering a report on the Petitioner's current competency status, the stipulations of counsel, and the trial court's observations of the Petitioner's demeanor, that Petitioner was competent to stand trial. *Entry* (ECF No. 14-1, PageID# 92-93.) Petitioner thereafter indicated in writing, *inter alia*, that he understood that he could file an appeal as a matter of right within thirty days.  *Entry of Guilty Plea* (ECF No. 14-1, PageID# 95.)  Petitioner also filed various motions in the state courts, including a motion for the appointment of counsel and an affidavit of indigency, a motion to withdraw his guilty plea, a motion to modify his sentence, and a motion to correct or vacate his sentence.  The state trial court denied Petitioner's motion to withdraw his guilty plea, finding that Petitioner had knowingly entered his guilty plea "with a full understanding of all the consequences, including the maximum penalty and sentence[.]"  *Decision and Entry Denying Defendant's Motion to Withdraw Guilty Plea* (ECF No. 14-1, PageID# 116.)  These findings are presumed to be correct, and Petitioner has failed to rebut the presumption of correctness afforded the state court's findings of fact.  *See* 28 U.S.C. § 2254(e)(1).

8

Moreover, the record does not establish that Petitioner acted diligently in pursuing relief or that some extraordinary circumstances prevented him from timely filing the *Petition*. He did not file an appeal from the trial court's January 14, 2010 decision denying his motion to withdraw his guilty plea. He waited approximately two years - until January 2012 - to file a motion to modify sentence in the state trial court. He then waited until August 19, 2015 to file a motion to correct or vacate sentence in the state trial court. He did not file an appeal from the trial court's September 1, 2015 denial of the motion to correct or vacate sentence. He waited more than four months thereafter to execute the *Petition*.

Furthermore, this case presents an issue of exhaustion. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970). Petitioner did not pursue a timely direct appeal from his judgment of conviction and has apparently never pursued a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A). Under these circumstances, this action may be subject to dismissal as unexhausted. *See Keeley v. Warden, Belmont Correctional Institution*, No. 2:15-cv-00972, 2016 WL 1642965, at *5-6 (S.D. Ohio April 26, 2016)(habeas corpus petition unexhausted because the petitioner failed to pursue either a direct or delayed appeal to the Ohio Supreme

9

Court); *Ortiz v. Wolfe*, No. 2:08-cv-94, 2009 WL 995622, at *5-6 (S.D. Ohio April 14, 2009)(habeas corpus petition unexhausted where the petitioner failed to pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A)).

### Recommended Disposition

For all these reasons, the Magistrate Judge **RECOMMENDS** that *Motion to Dismiss* (ECF No. 14) be **GRANTED** and that this action be **DISMISSED.** It is **FURTHER RECOMMENDED** that Petitioner's *Motion to Vacate Sentence and Release Petitioner* (ECF Nos. 8, 9), and *Motion to Grant Writ of Habeas Corpus and Release Petitioner* (ECF No. 10) be **DENIED**. Petitioner's *Motion to Deny Respondent's Motion for Extension of Time* (ECF No. 12) is **DENIED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
January 31, 2017