IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TONY SUMMERS,**

    **Petitioner,**

v.

**WARDEN, ALLEN CORRECTIONAL INSTITUTION,**

    **Respondent.**

Case No. 2:16–cv–63
**JUDGE MICHAEL H. WATSON**
**Magistrate Judge King**

## ORDER

On January 31, 2017, the United States Magistrate Judge recommended that Respondent's *Motion to Dismiss*, ECF No. 14, be granted, and that Petitioner's *Motion to Vacate Sentence and Release Petitioner*, ECF Nos. 8, 9, and Petitioner's *Motion to Grant Writ of Habeas Corpus and Release Petitioner*, ECF No. 10, be denied. *Order and Report and Recommendation* (ECF No. 20). This matter is now before the Court on Petitioner's objection to that recommendation. *Objection* (ECF No. 23). The Court has considered the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). For the reasons that follow, Petitioner's objection to the Magistrate Judge's recommendation is **DENIED**. The *Order and Report and Recommendation* is **ADOPTED AND AFFIRMED**. Respondent's *Motion to Dismiss* is **GRANTED**, and Petitioner's *Motion to Vacate Sentence and Release Petitioner* and Petitioner's *Motion to Grant Writ of Habeas Corpus and Release Petitioner* are **DENIED**. This action is hereby **DISMISSED**.

In September 2009, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to charges of rape and gross sexual imposition. The trial court sentenced Petitioner, pursuant to the joint recommendation of the parties, to an aggregate term of imprisonment of thirteen years. Petitioner did not file a timely appeal from that judgment. The Magistrate Judge concluded that the *Petition*, executed on January 4, 2016, *Petition* (ECF No. 1, PageID# 15), and filed on January 11, 2016, had not been filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d) and, further, that Petitioner had not established that equitable tolling of the statute of limitations was appropriate. *Order and Report and Recommendation* (PageID# 157-62). The Magistrate Judge also observed that, in light of Petitioner's apparent failure to pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(a), Petitioner's claims may be subject to dismissal for failure to exhaust available state court remedies. *Id.* (PageID# 162).

In his objections, Petitioner does not address either the statute of limitations or the exhaustion issue. Instead, Petitioner complains—as he did before the Magistrate Judge—of the delay between the filing of the action in the Northern District of Ohio and the order to show cause issued to Respondent in the Southern District of Ohio following the transfer of this case. This Court agrees with the Magistrate Judge that "[n]othing in this procedural history constitutes grounds for granting the *Petition* or for entering a judgment by default." *Order and Report and Recommendation* (PageID# 157). *See also Lemmons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1985) (judgment by default "is an extreme sanction that is disfavored in habeas corpus cases").

Petitioner's objections also address the merits of his challenges to his conviction and sentence. Petitioner challenges the sufficiency of the evidence presented at trial, the admission of certain evidence against him, the adequacy of his trial counsel, and the propriety under Ohio law of his sentence. *See generally Objection*. However, this Court may not consider the merits of claims presented in an untimely petition or claims that are unexhausted.

Having carefully reviewed the record in this action, the Court agrees that the *Petition* was untimely filed. Alternatively, because Petitioner may still have available to him a remedy under Ohio law, his claims are not exhausted.

Petitioner's *Objection*, ECF No. 23, is **DENIED**. The *Order and Report and Recommendation*, ECF No. 20, is **ADOPTED AND AFFIRMED**. Respondent's *Motion to Dismiss*, ECF No. 14, is **GRANTED**, and Petitioner's *Motion to Vacate Sentence and Release Petitioner*, ECF Nos. 8, 9, and Petitioner's *Motion to Grant Writ of Habeas Corpus and Release Petitioner*, ECF No. 10, are **DENIED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**